# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 98-20005-01-KHV |
| BRIAN C. PRINCE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's Petition For Writ Of Audita Quierela [sic] And Other Relief Under The All Writs Act, Pursuant To 18 U.S.C. § 1651 (Doc. #110) filed December 18, 2009. Defendant maintains that under Chambers v. United States, 129 S. Ct. 687 (2009), which he claims should be applied retroactively, his prior conviction for escape from custody does not qualify as a violent felony for purposes of the career offender guideline. For reasons stated below, the Court construes defendant's motion as a successive motion under 28 U.S.C. § 2255 and overrules the motion for lack of jurisdiction.

A writ of *audita querela* is not available to a defendant when other remedies exist such as a motion to vacate sentence under 28 U.S.C. § 2255.[1] See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy

---

[1] The writ of *audita querela* is used to challenge a judgment that was correct at the time it was entered but which it would be unjust to execute because of matters which arise after it was entered. United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002); Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153 (10th Cir. 1946). The Tenth Circuit has questioned whether a writ of *audita querela* may ever issue in the criminal context. See United States v. Ballard, 334 Fed. Appx. 141, 143 (10th Cir. May 27, 2009).

is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. Feb. 23, 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. Torres, 282 F.3d at 1246.

The Court in its discretion construes defendant's present motion as a second or successive petition under 28 U.S.C. § 2255.[2] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

---

[2]  Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

Because it appears that defendant's motion is without merit, the Court overrules the motion rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Defendant seeks relief under the recent Supreme Court opinion in Chambers, but the Supreme Court has not made that decision retroactive to cases on collateral review.

The Tenth Circuit recently held that Chambers applies retroactively to initial Section 2255 motions, see United States v. Shipp, — F.3d ----, 2009 WL 4827367, at *5 (10th Cir. Dec. 16, 2009), but for second or successive motions, Section 2255(h)(2) specifically requires that the *Supreme Court* make the decision retroactive to cases on collateral review.[3] See United States v. Lopez, 248

---

[3] Shipp was on appeal in a somewhat awkward procedural posture. On October 9, 2008, the district court overruled defendant's Section 2255 motion based on ineffective assistance of counsel. On January 13, 2009, while defendant's request for a certificate of appealability ("COA") was pending, the Supreme Court decided Chambers, holding that the crime of failure to report for penal confinement fell outside the scope of the Armed Career Criminal Act's violent felony definition. Defendant filed a second Section 2255 motion which argued that he was entitled to relief under Chambers and that his claim should relate back to his original Section 2255 motion. The district court held that defendant's claim based on Chambers was not raised in his original
(continued...)

F.3d 427, 431-32 (5th Cir. 2001) (while Supreme Court must make retroactive determination for second or successive motions, any court can make such determination for exception to one-year limitation). Because that condition has not been satisfied, the Court declines to transfer defendant's motion.[4] Accordingly, the Court overrules defendant's motion for lack of jurisdiction.

---

[3](...continued)
Section 2255 motion and did not relate back to any issue raised in his original motion. See United States v. Shipp, Nos. 08-cv-277, 09-cv-204, 2009 WL 1148965, at *1 n.1 (N.D. Okla. Apr. 24, 2009). The district court, however, transferred the case to the Tenth Circuit Court of Appeals as a second or successive Section 2255 motion. See id. at *1-2. Shortly thereafter, on May 1, 2009, the Tenth Circuit granted a COA on one issue: whether Chambers applies retroactively on collateral review to convictions that were final at the time the case was decided by the Supreme Court. See Shipp, 2009 WL 4827367, at *1. On appeal, the government conceded that Chambers applied retroactively to cases on collateral review. See Answer Brief Of The United States in United States v. Shipp, 2009 WL 2332137 (July 15, 2009). The Tenth Circuit concluded that liberally construing defendant's petition for a COA based on the denial of his initial Section 2255 motion, defendant asserted a due process challenge to the length of his sentence. See Shipp, 2009 WL 4827367, at *3. Accordingly, the Tenth Circuit addressed defendant's claim based on Chambers on appeal of his initial Section 2255 motion. See id.

[4] The exception to second and successive motions contained in Section 2255(h)(2) describes narrower circumstances than the exception to the one-year limitation contained in Section 2255(f)(3). Based on the interplay between these two subsections, the Supreme Court has noted as follows:

> an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.
>
> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted. . . . The disposition required by the text here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of [subsections (h)(2) and (f)(3)] of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.

Dodd v. United States, 545 U.S. 353, 359-60 (2005); see Frederick v. United States, No. 08-22143-CV, 2009 WL 2488965, at *9 n.13 (S.D. Fla. Aug. 12, 2009) (for defendants who seek to file second or successive petition based upon "newly recognized right," right must have been recognized and
(continued...)

**IT IS THEREFORE ORDERED** that defendant's Petition For Writ Of Audita Quierela [sic] And Other Relief Under The All Writs Act, Pursuant To 18 U.S.C. § 1651 (Doc. #110) filed December 18, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Appoint Counsel Pursuant To 18 U.S.C. § 3006(a)(2)(B) And 28 U.S.C. § 1915(e) In This Petition For Writ Of Audita Quierel (Doc. #111) filed December 18, 2009 be and hereby is **OVERRULED**.

Dated this 6th day of January, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4](...continued)
made retroactively applicable by Supreme Court within one year); United States v. Cobb, No. 04-171-CMC, 2008 WL 3166118, at *2 (D.S.C. Aug. 4, 2008) (same).