IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 98-20005-01-KHV |
| BRIAN C. PRINCE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On January 6, 2010, the Court overruled defendant's Petition For Writ Of Audita Quierela [sic] And Other Relief Under The All Writs Act, Pursuant To 18 U.S.C. § 1651 (Doc. #110). See Memorandum And Order (Doc. #112). Defendant maintains that under Chambers v. United States, 129 S. Ct. 687 (2009), which he claims should be applied retroactively, his prior conviction for escape from custody does not qualify as a violent felony for purposes of the career offender guideline. The Court construed defendant's motion for a writ of *audita querela* as a successive motion under 28 U.S.C. § 2255.[1] Because it appeared that defendant's motion was without merit, the Court overruled it for lack of jurisdiction rather than transferring it to the Tenth Circuit Court of Appeals as a second or successive Section 2255 motion. See Memorandum And Order (Doc. #112) at 3-4. Eight days after the Court entered its order, defendant filed a notice of supplemental authority which the Court construed as a motion to reconsider. Defendant argued that under United States v. Shipp, 589 F.3d 1084, 2009 WL 4827367 (10th Cir. Dec. 16, 2009), this Court should

---

[1] The writ of *audita querela* is used to challenge a judgment that was correct at the time it was entered but which it would be unjust to execute because of matters which arise after it was entered. United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002); Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153 (10th Cir. 1946).

retroactively apply Chambers v. United States, 129 S. Ct. 687 (2009) to his case on collateral review. The Court noted that Shipp addressed whether Chambers applied retroactively to initial Section 2255 motions, see Shipp, 2009 WL 4827367, at *5 (10th Cir. Dec. 16, 2009), but for second or successive motions, Section 2255(h)(2) specifically requires that the *Supreme Court* make the decision retroactive to cases on collateral review. See Order (Doc. #115) filed January 15, 2010 at 1. The Court therefore overruled defendant's motion to reconsider. See id. This matter comes before the Court on defendant's Motion For Reconsideration (Doc. #117) filed February 1, 2010. For reasons stated below, the Court overrules defendant's motion.

As the Court explained in a prior order, a writ of *audita querela* is not available to a defendant when other remedies exist such as a motion to vacate sentence under 28 U.S.C. § 2255. See Torres, 282 F.3d at 1245. After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. Feb. 23, 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The mere fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999); United States v. O'Bryant, 162 F.3d 1175, 1998 WL 704673, at *2 (10th Cir. Oct. 2, 1998).[2] A defendant cannot avoid the bar against successive Section 2255 petitions by

---

[2] See Grecco v. Williamson, 152 Fed. Appx. 195, 196 (3d Cir. 2005) (Section 2255 not inadequate or ineffective merely because it is difficult to pursue successive motions under Section 2255); Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (remedy not inadequate or ineffective merely because Section 2255's gatekeeping provisions prevent petitioner from filing second or successive petition); Pack v. Yusuff, 218 F.3d 448, 452-53 (5th Cir. 2000) (Section 2255's substantive and procedural barriers by themselves do not establish that provision is inadequate or
(continued...)

simply styling a petition under a different name. McIntyre, 313 Fed. Appx. at 162; Torres, 282 F.3d at 1246.

In his present motion, defendant argues that the Court erred by construing his original motion as one under Section 2255 because the writ of *audita querela* is available to "fill the interstices of the post-conviction remedial framework." Motion For Reconsideration (Doc. #117) at 4 (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)). The Tenth Circuit, however, has questioned whether a writ of *audita querela* may ever issue in the criminal context. See United States v. Ballard, 334 Fed. Appx. 141, 143 (10th Cir. May 27, 2009). In Valdez-Pacheco, the Ninth Circuit noted that the common law writ survives only to the extent that it fills "gaps" in the current systems of postconviction relief. Valdez-Pacheco, 237 F.3d at 1079. The Ninth Circuit recognized, however, that the writ of *audita querela* is not available to address claims which are precluded by restrictions on Section 2255 motions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In particular, the Ninth Circuit noted as follows:

> we reject [defendant's] contention that *audita querela* is available in his case due to the fact that he is precluded from raising his claims in a § 2255 motion by those provisions of the [AEDPA] (codified in relevant part at 28 U.S.C. §§ 2255 and 2244), that limit the rights of a prisoner to file a second or successive motion. A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.

---

²(...continued)
ineffective); Charles v. Chandler, 180 F.3d 753, 756-58 (6th Cir. 1999) (remedy not rendered inadequate or ineffective simply because petitioner denied relief under Section 2255, because petitioner has allowed one-year statute of limitations to expire, or because petitioner denied permission to file second or successive motion); In Re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (remedy afforded by Section 2255 not inadequate or ineffective merely because individual procedurally barred from filing Section 2255 motion); see also Harris v. Wilner, 294 Fed. Appx. 384, 385-86 (10th Cir. Sept. 22, 2008) (although second or successive applications are restricted under AEDPA, they are not prohibited).

Id. at 1080 (footnote omitted). The Tenth Circuit reached a similar conclusion as to the availability of Section 2241 for claims that were barred as second or successive Section 2255 motions. See Patel v. Morris, 37 Fed. Appx. 428, 430-31 (10th Cir. 2002) (allowing petitioner to assert in Section 2241 motion claims that would be barred under Section 2255 because that remedy had become "inadequate or ineffective" would allow prisoners to avoid stringent gatekeeping requirements on second or successive Section 2255 petitions; such procedure would run counter to plain text of Section 2255 and Congressional intent to restrict successive habeas corpus petitions to extremely limited situations).[3]

Given the primacy of the remedy under Section 2255, relief is available through a writ of *audita querela* only in extremely limited circumstances.[4] As explained above, the mere fact that a

---

[3] See also In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (even if AEDPA limitations foreclosed use of Sections 2241 and 2255, senseless to suppose that Congress permitted prisoners to pass through closed door by way of All Writs Act simply by changing title of motions); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (if prisoner who is prevented from filing Section 2255 petition could, without more, establish that Section 2255 is "inadequate or ineffective" and entitled to petition under Section 2241(c)(3), Congress would have accomplished nothing in its attempts through statutes like AEDPA to place limits on federal collateral review).

[4] See, e.g., Ramirez v. Williamson, 209 Fed. Appx. 214, 216 (3d Cir. 2006) ("safety valve" provided by Section 2255 is extremely narrow and has been held only to apply in unusual situations, such as those in which prisoner has had no prior opportunity to challenge conviction for crime later deemed to be non-criminal because of intervening change in law); Melton v. United States, 359 F.3d 855, 856 (7th Cir. 2004) (ancient writ of *audita querela* has no apparent relevance to criminal sentences); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (Section 2255 motion is only "inadequate or ineffective" where the denial of a habeas action would raise serious constitutional issues); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (noting that Section 2255 remedy is ineffective when petitioner is sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir.) (Section 2255 remedy might be ineffective when sentencing court refuses to consider Section 2255 petition altogether or delays inordinately consideration of petition), cert. denied, 382 U.S. 829 (1965); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (Section 2255 remedy ineffective when original sentencing court is abolished).

prisoner is precluded by statute from filing a second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or unavailable. In addition, because Section 2255 already contains its own "gap filling" provision, which allows prisoners to file habeas corpus petitions under Section 2241 if Section 2255 is otherwise inadequate or ineffective, a writ of *audita querela* is not available as a gap filler in these circumstances. Valdez-Pacheco, 237 F.3d at 1080 n.4; see McIntyre, 313 Fed. Appx. at 162 (Section 2255 exclusive means to test conviction in sentencing court); United States v. Ayala, 894 F.2d 425, 428-29 (D.C. Cir. 1990) (federal prisoner could not use *audita querela* to challenge sentence or conviction because writ adds nothing to forms of relief under Section 2255 and writs of error coram nobis; authority to use *audita querela* as "gap filler" under All Writs Act open to serious doubt). For these reasons, the Court overrules defendant's motion to reconsider.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration (Doc. #117) filed February 1, 2010 be and hereby is **OVERRULED**.

Dated this 5th day of February, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
